## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| OXFORD FEDERAL, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 23-288 |
| | ) | (Judge Meriweather) |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

### **DEFENDANT'S RESPONSE REGARDING ISSUANCE OF LETTER OF REQUEST**

Pursuant to the Court's May 7, 2025 Minute Order, defendant, the United States, submits this response to the motion filed by plaintiff, Oxford Federal, LLC (Oxford), asking the Court to issue a letter of request to the Directorate of Courts for the State of Israel (ECF 49).

To begin, as a general matter, we do not object to the issuance of a letter of request to the State of Israel. We note that we have consented to the issuance of requests to the State of Israel in two other cases involving Oxford. *See Oxford Federal, LLC v. United States* (Fed. Cl. 23-737), ECF 32; *Oxford Federal, LLC v. United States* (Fed. Cl. 23-738), ECF 23.

Our only objection is to the scope of the request proposed by Oxford in this case. Oxford's operative complaint is addressed to a termination for default of a contract for a project it refers to as Ramon. But, in addition to seeking information about Ramon, Oxford's request rogatory seeks information about two other projects, which the complaint refers to as Nevatim and Navy Kitchen. ECF 49 at 2-3; Second Am. Compl. ¶ 72. Oxford's work on both such projects was terminated for convenience pursuant to an agreement between Oxford and the Army Corps of Engineers. *See* Dkt. No. 1 ¶¶ 70, 81. The sole issue of contention here is whether discovery should be allowed into the Nevatim and Navy Kitchen projects.

The basis for our position is Rule 26 of the Rules of the Court of Federal Claims, which generally limits the extent of discovery. *See DBMS Consultants Ltd. v. Computer Associates Intern., Inc.*, 131 F.R.D. 367, 369 (D. Mass. 1990) (even as it noted that court will not ordinarily weigh evidence to be sought in letter rogatory, considering request for issuance of letter rogatory under Rule 26 standard). It is not unusual for a contractor to have multiple, and sometimes many, contracts with the Government. Oxford's view that it should be allowed discovery into its other contracts with the Government to seek evidence of purported bad faith with respect to the contract relevant here would license sweeping discovery into irrelevant matters. This is especially so in light of the complaint's acknowledgment that, in Nevatim and Navy Kitchen, the terminations for convenience did "not place a black mark on" Oxford's performance rating. Second Am. Compl. ¶ 85. Indeed, as the first complaint filed by Oxford acknowledged, Oxford agreed to the termination for convenience for both Navy Kitchen and Nevatim. *See* Dkt. No. 1 ¶¶ 70, 81.

In light of the considerations above, we are cognizant of the burden upon the Ministry of Defense in responding to requests that, in our view, go beyond the scope of this case. *Cf. DBMS Consultants Ltd..*, 131 F.R.D. at 370 (considering "expense and burdensomeness" in narrowing letter rogatory with respect to deposition)). We also wish to preserve our arguments that any discovery sought by Oxford related to its other contracts with the Government is not properly before this Court. *See California Ridge Wind Energy LLC v. United States*, No. 14–250, 2015 WL 9302944, at *1 (Fed. Cl. Dec. 21, 2015) (in tax case, denying plaintiff's motion to compel information about projects "unrelated" to plaintiff's project).

Should the Court reject our argument that Nevatim and Navy Kitchen are not properly the subject of discovery, then we do not have any other objections to the Court issuing the request in the form proposed by Oxford.

The Court's May 7, 2025 Order also asked us to identify the form in which we would submit support for our position. Our position is set forth above. We will provide additional information if requested by the Court, but, in the absence of such a request, we will stand on the argument above.

Respectfully submitted,

YAAKOV M. ROTH
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

s/ Douglas K. Mickle
DOUGLAS K. MICKLE
Acting Deputy Director

s/ Matthew J. Carhart
MATTHEW J. CARHART
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, DC 20044
Telephone: (202) 307-0313
Facsimile: (202) 353-0461
Email: Matthew.Carhart@usdoj.gov

Attorneys for Defendant

OF COUNSEL:

DAVID JERGER
Assistant District Counsel
U.S. Army Corps of Engineers
Europe District

MEGAN TOOMAN
Assistant District Counsel
U.S. Army Corps of Engineers
Europe District

May 12, 2025