# United States Court of Federal Claims

717 MADISON PLACE, NW
WASHINGTON, DC 20439

CHAMBERS OF
JUDGE ROBIN M. MERIWEATHER

(202) 357-6357
Meriweather_Chambers@cfc.uscourts.gov

July 10, 2025

Directorate of Courts
Legal Assistance to Foreign Countries
22 Kanfei Nesharim Street
Jerusalem 9546435
Israel

Dear Sir/Madam:

Enclosed you will find a letter of request for the production of documentary evidence by third parties, pursuant to the Hague Convention, in *Oxford Federal LLC v. United States*, Case No. 23-cv-0288, a civil proceeding currently before me.

If you require any additional information, please feel free to contact me via e-mail at Meriweather_Chambers@cfc.uscourts.gov or phone at (202) 357-6357.

Sincerely,

ROBIN M. MERIWEATHER
Judge

Received - USCFC

JUL 22 2025

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| OXFORD FEDERAL, LLC,       ) | |
|                            ) | |
| Plaintiff,        ) | |
|                            ) | |
| v.             ) | Civil Action No. 23-288 |
|                            ) | (Judge Meriweather) |
| THE UNITED STATES,         ) | |
|                            ) | |
| Defendant.         ) | |

**LETTER OF REQUEST**
**Request for International Judicial Assistance**
**Pursuant to the Hague Convention of 18 March 1970 on the taking of**
**Evidence in Civil or Commercial Matters**
**By the United States Court of Federal Claims**
**Hon. Robin M. Meriweather**

**TO THE DIRECTORATE OF COURTS:**

The U.S. Court of Federal Claims presents its compliments to the appropriate judicial authority of Israel and requests judicial assistance to obtain documents from members of the Israeli Ministry of Defense, the Israeli Defense Forces, and the Israeli Air Force (collectively, "the MOD") pertaining to a contract awarded under the U.S. Department of State's Foreign Military Sales (FMS) program in Israel that requires that American-funded construction contracts be administered by the United States Army Corps of Engineers and awarded to American prime contractors for the ultimate benefit of the State of Israel acting through the MOD. The contract at issue involved the design and construction of a new ammunition facility in support of the MOD. The project required that Plaintiff construct several buildings and structures as well as perform site development, mechanical, plumbing, and electrical work.

This court requests the assistance described herein as necessary in the interests of justice and pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil and Commercial Matters ("Hague Evidence Convention"), as adopted and implemented in the United States of America at 28 U.S.C. § 1781, and in the State of Israel by Judicial Assistance Between Countries Law, 5758-1998 (the "Judicial Assistance Law") and the rules and regulations promulgated thereunder.

Documentary evidence is intended for use in the above-captioned litigation, a civil matter. In the view of this Court, the requested evidence will be highly relevant to whether the Plaintiff is entitled to have the termination of its contract for default overturned and re-classified as a termination for the United States government's convenience. The distinction between these two types of contractual terminations under American federal contracting jurisprudence implicates issues pertaining to Plaintiff's entitlement to monetary compensation for work performed and

accepted on the project as well as eligibility for future contract awards. Plaintiff believes that the MOD was not dissatisfied with aspects of Plaintiff's performance, including certain workmanship issues or the duration of the work. Additionally, Plaintiff contends that the MOD did not believe a default termination was necessary. Furthermore, Plaintiff has raised claims that the management and administration of the contract by U.S. contracting personnel was conducted in bad faith and that the MOD disagreed with how their U.S. counterparts treated Plaintiff. Plaintiff suggests that well before USACE formally terminated Plaintiff's contract in March 2022, U.S. contracting personnel had informed the MOD that it was going to default Plaintiff and had already discussed completion of the work by a preferred contractor. Plaintiff maintains that, simultaneously, USACE was encouraging Plaintiff to expend more resources on the project even though USACE knew it was not going to allow Plaintiff to complete the work.

This request is made with the understanding that it will in no way require any persons to commit any offense, or to undergo a broader form of inquiry than they would if litigation were conducted in Israel. In the proper exercise of its authority, this Court has determined that the evidence of what the MOD may have known regarding USACE's planned default termination of Plaintiff, (and when it became aware of it), as well as internal MOD communications regarding Defendant's administration of the contract and Plaintiff's progress and work quality cannot be secured except by the intervention of the Directorate of Courts.

1. **Sender:**

   Hon. Robin M. Meriweather
   United States Court of Federal Claims
   Howard T. Markey National Courts Building
   717 Madison Place, NW
   Washington, DC 20439

2. **Central Authority of the Requested State:**

   Directorate of Courts
   Legal Assistance to Foreign Countries
   22 Kanfei Nesharim Street
   Jerusalem 9546435
   Israel

3. **Person to whom the executed request is to be returned:**

   Michael Payne, Esq.
   Cohen Seglias Pallas & Greenhall
   & Furman PC
   1600 Market Street, 32nd Floor
   Philadelphia, PA 91037
   Tel: 215-564-1700
   Fax: 267-238-4456
   Email: mhp@cohenseglias.com

Counsel for Plaintiff

4.  The U.S. Court of Federal Claims requests a response to this Letter of Request by October 3, 2025.

5.  IN CONFORMITY WITH ARTICLE 3 OF THE CONVENTION, THE UNDERSIGNED APPLICANT HAS THE HONOR TO SUBMIT THE FOLLOWING REQUEST:

    a.  **Requesting Judicial Authority:**

    United States Court of Federal Claims
    Howard T. Markey National Courts Building
    717 Madison Place, NW
    Washington, DC 20439
    USA

    b.  **To the competent authority of:**

    Israel

    c.  **Name of case and identifying number:**

    Oxford Federal LLC v. United States, COFC No. 23-288, United States Court of Federal Claims

6.  Names and addresses of the parties and their representatives (including representatives in the requesting state) (article 3(b)):

    a.  **Plaintiff**

    Oxford Federal LLC
    10375 Park Meadows Drive
    Suite 480
    Lone Tree, CO 80124-6820

    **Representatives**

    Cohen Seglias Pallas & Greenhall
    & Furman PC
    Michael Payne, Esq.
    1600 Market Street, 32nd Floor
    Philadelphia, PA 91037
    USA
    Tel: 215-564-1700
    Fax: 267-238-4456
    Email: mhp@cohenseglias.com

b. **Defendant**

The United States of America

**Representatives:**

The United States Department of Justice
Matthew J. Carhart
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, DC 20044
Telephone: (202) 307-0313
Facsimile: (202) 353-0461
Email: Matthew.Carhart@usdoj.gov

c. **Other parties:**

There are no other parties to the subject proceeding

7.

a. **Nature of the proceedings (divorce, paternity, breach of contract, product liability, etc.) (article 3(c)):**

This matter involves a contractual dispute between the Plaintiff and Defendant, acting through the United States Army Corp of Engineers, with respect to a construction project procured through the United States Department of State's Foreign Military Sales program, with the project being obtained for the use and benefit of the state of Israel, acting through the Israeli Ministry of Defense.

b. **Summary of complaint:**

The summary that follows reflects Plaintiff's allegations and the characterization of its case. This summary does not, and is not intended to, represent the opinion of this Court as to the merit of any matters raised by the allegations contained therein, nor should it be considered an exhaustive description of each and every cause of action Plaintiff has brought in the litigation.

Plaintiff was awarded a design-build contract by USACE to construct certain ammunition storage facilities at Ramon Air Force Base near Beersheva, Israel for the use and benefit of the Israeli military.

During the design phase of the contract, various government-caused delays, including critical meetings with MOD personnel, prolonged review and late return of

design submittals, and an unnecessary informational request process delayed the commencement of construction activities beyond Plaintiff's planned start. Additionally, design work was impacted by the COVID-19 pandemic, which, due to related travel and movement restrictions, made it difficult for Plaintiff's inter-disciplinary design team to productively and timely collaborate on the project's design.

Once construction commenced, a series of events for which Plaintiff was not responsible further delayed Plaintiff. These events involved various suspensions of work instituted by USACE as well as contact administration matters that prevented Plaintiff from timely progressing the work.

Beyond the above-described delays, Plaintiff contends that various USACE actions reflected bad faith in the administration of the contract, manifested an intent to injure Plaintiff, and breached USACE's implied contractual duty to conduct itself in good faith and deal with Plaintiff fairly. Additionally, Plaintiff asserted that USACE waived the contract completion date and failed to establish a new date by which Plaintiff had to complete the project, thereby rendering any allegation that it failed to timely compete the project or failed to make progress so as to endanger timely completion of the project an unjustified basis to default Plaintiff.

**c. Summary of Defenses (and counterclaims)**

The summary that follows reflects Defendant's characterization of its defenses in this matter. This summary is not intended to represent the opinion of this Court as to the merits of any defense discussed therein, nor should it be considered inclusive of every defense that the Defendant has or that it may raise in this litigation.

Defendant asserts that Plaintiff's failure to timely complete the project was solely Plaintiff's responsibility. Beyond failing to complete the project on time, Defendant contends that recurring quality issues with Plaintiff's work similarly justified a default termination of Plaintiff's contract. Defendant also maintains there is no evidence that USACE contracting personnel harbored any specific intent to injure the Plaintiff or that these personnel carried out their official duties in a manner inconsistent with the principles of good faith and fair dealing. Additionally, Defendant contends that the period of delay alleged by Plaintiff is insufficient to overcome the period of Plaintiff's delinquency in completing the project.

Defendant has not asserted any counterclaims against Plaintiff.

8.

**a. Evidence to be obtained or other judicial act to be performed (3(d)):**

On behalf of Plaintiff, this Court seeks documents pertaining to the MOD's knowledge, discussions, considerations, studies, analyses, opinions, assessments or similar documents as well as internal communications concerning the project in

general, and, specifically, the quality of Plaintiff's work as well as the length of Plaintiff's performance. This Court is also seeking documents related to the decision to terminate Plaintiff's contract, all project delays, suspensions of the project work, the timeline to complete the project and the completion of the project by contractors other than Plaintiff.

As noted above, Plaintiff has alleged that USACE acted in bad faith in its dealings with Plaintiff. These allegations involve USACE's conduct concerning this project as well as two other projects that Plaintiff was performing in Israel at the time. These other projects include (1) Contract No. W912GB18D0032 / Delivery Order No. W912GB20F0134, DB Central INF Northern Cooking Plant, Israel ("Tira") and (2) Contract No. W912GB18D0032/Task Order W912GB21F0023 Site 13780 & 13699 - Nevatim Air Force Base, Israel ("Nevatim"). Both of these projects were also terminated by USACE. Those termination actions, as alleged by Plaintiff, were carried out as part of a plan to injure Plaintiff. As told by Plaintiff, the termination of the subject project was the culmination of USACE's efforts to harm Plaintiff financially. Accordingly, this Court is requesting that the MOD produce the same scope and character of documentation related to the Tira and Nevatim projects as this Court has requested be produced for the Ammunition Storage Facility at Ramon Air Force Base.

**b. Purpose of the evidence or judicial act sought:**

The purpose of the evidence sought is to ascertain the knowledge of the MOD as to the project and Plaintiff's termination, to include quality issues, works delays, work suspensions, USACE's administration of the contract, and completion of the project following Plaintiff's termination. This evidence will also aid this Court in determining whether USACE conducted itself in bad faith during the project, and whether USACE's conduct on the Tira and Nevatim projects supports Plaintiff's allegations of bad faith on USACE's part.

9. **Identity and address of any person to be examined (article 3(e)):**

At this time, Plaintiff is not seeking the examination of any MOD member or employee. Plaintiff may seek the examination of specific MOD members or employees at a later date. If Plaintiff seeks the examination of specific MOD members or employees, then this Court shall submit a supplemental Letter of Request.

10. **Questions to be put to the persons to be examined or statement of the subject matter about which they are to be examined (article 3(f)):**

Not Applicable.

11. **Documents or other property to be inspected (article 3(g)):**

See Paragraph 8 above. The documents to be produced and inspected include electronic correspondence, letters, memoranda for the record, notes, reports, studies, analyses, journal entries, calendar entries, meeting minutes, records of meetings, summaries of conversations and/or meetings, drafts, revisions to drafts, drawings, sketches, videotapes, and photographs. Searches for these materials should include documents and/or electronically stored information from October 1, 2018, up and through the present day.

Note that the above evidence sought is solely required for use in this litigation and for no other purpose.

12. **Any requirement that the evidence be given on oath or affirmation and any special form to be used (article 3(h)):**

This Court respectfully requests that production of the requested evidence be accompanied by an affirmation by a member of the MOD with personal knowledge that the documents provided in response to this request are true and correct copies of original documents and are being produced in the manner in which they are kept in the ordinary course of business.

13. **Special methods or procedures to be followed:**

This Court requests that MOD produce all documents electronically in their native file format. Responsive electronically stored information (ESI) (with the exception of spreadsheet and presentation files discussed below), and imaged hard copy shall be produced per the following guidelines in Exhibit A.

All spreadsheet and presentation files (e.g. Excel, PowerPoint) shall be produced in the unprocessed "as kept in the ordinary course of business" state (i.e., in native format). The file produced should maintain the integrity of all source, custodian, application, embedded and related file system metadata. No alteration shall be made to file names or extensions for responsive native electronic files.

The term "Native File Format" means a file saved in the format as designated by the original application used to create it (e.g. a DOC or DOCX file created by Microsoft Word or a .pst file created by Microsoft Outlook).

14. **Request for notification of the time and place for execution of the request and identity and address of any person to be notified (article 7):**

Please notify the following counsel regarding the time and place for the execution of the request:

Michael H. Payne, Esq.
Cohen Seglias Pallas & Greenhall
& Furman PC
1600 Market Street, 32nd Floor

Philadelphia, PA 91037
USA
Tel: 215-564-1700
Fax: 267-238-4456
Email: mhp@cohenseglias.com

Counsel for Plaintiff

15. **Request for attendance or participation of judicial personnel of the requesting authority at the execution of the Letter of Request:**

     No attendance of judicial personnel is requested.

16. **Specification of privilege or duty to refuse to give evidence under the law of the state of origin:**

     No previous refusal to provide the requested documentation based on a privilege or a duty has been asserted.

17. The fees and costs which are reimbursable under the second paragraph of article 14 or under article 26 of the Convention will be borne by **Defendant, the United States Government**.

Date:     July 10, 2025

Hon. Robin M. Meriweather
Judge for the U.S. Court of Federal
Claims

## Exhibit A

## Plaintiff's Production Specifications

Scanned paper, loose electronic files, and e-mails with corresponding attachments will be converted and produced as single page group IV TIFF files (or color JPGs when requested) with a corresponding Opticon image load file. All associated metadata will be produced in a .DAT load file with standard Concordance delimiters.

| FIELD NAME | DESCRIPTION | EXAMPLE |
|---|---|---|
| PRODNO | Starting imagekey of record | CSPGF00000001 |
| ENDPRODNO | Ending imagekey of record | CSPGF00000005 |
| BEGATTACH | Starting imagekey of family | CSPGF00000001 |
| ENDATTACH | Ending imagekey of family | CSPGF00000010 |
| PGCOUNT | Number of pages in the record | 6 |
| NATIVELINK | Hyperlink to native file | Z:\VOL001\NATIVES\00\CSPGF00000001.doc |
| CUSTODIAN | Custodian of the record captured during processing | Doe_John |
| FILEPATH | Original path of the file | Path\Folder2\My Documents |
| FILENAME | Name of the file | My Meeting.doc |
| FILEEXT | Extension of the file | DOC |
| FILETYPE | Classification assigned by the processing software | Microsoft Word Document |
| FILESIZE | Size in bytes of the record | 3526 |
| TITLE | Data stored in the title metadata field | Agenda for Weekly Meeting |
| AUTHOR | Data stored in the author metadata field | jdoe |
| SUBJECT | Subject of the email or the data stored in the subject metadata field | Meeting Agenda |
| FROM | Email address and display name of the sender of the email | John Doe <jdoe@company.com> |
| TO | Email address(es)and display name(s) of the recipient(s) of the email | Frank Smith <frank.smith@mycompany.com>;Jane Doe <jane.doe@mycompany.com> |
| CC | Email address(es)and display name(s) of the CC(s) of the email | Joseph Roberts <jroberts@company.com>;Mark Smith <msmith@company.com> |
| BCC | Email address(es)and display name(s) of the BCC(s)of the email | Joseph Roberts <jroberts@company.com>;Mark Smith <msmith@company.com> |
| ATTACHCOUNT | Number of email attachments | 3 |
| ATTACHLIST | List of files attached to email | File 1.xls;File 3.zip |
| SENT_DATE | Sent date of the email | 09/15/2012 |
| SENT_TIME | Sent time of the email (24hr format) | 13:30:25 |
| RCVD_DATE | Received date of the email | 09/15/2012 |
| RCVD_TIME | Received time of the email (24hr format) | 13:30:25 |
| CREATED_DATE | Created date of the file as captured by the original application or the created date of the file as captured by the file system | 09/08/2012 |
| CREATED_TIME | Created time of the file as captured by the original application or the created time of the file as captured by the file system (24hr format) | 17:03:55 |
| LASTMOD_DATE | Last modified date of the file as captured by the original application or the last modified date of the file as captured by the file system | 09/09/2012 |
| LASTMOD_TIME | Last modified time of the file as captured by the original application or the last modified time of the file as captured by the file system (24hr format) | 09:30:30 |
| LASTSAVEDBY | Data stored in the last author, last saved by, or last edited metadata field | fsmith |
| CATEGORY | Data stored in the category metadata field | Agenda |
| KEYWORDS | Data stored in the keywords metadata field | Meeting Agenda Weekly Participants |
| COMMENTS | Data stored in the comments metadata field | Old version |
| COMPANY | Data stored in the company metadata field | My Company |
| MD5HASH | MD5 hash of file | D41D8CD98F00B204E9800998ECF8427E |

Any file that cannot be converted to TIF will be produced in native format with a link to the native file included in the NATIVELINK field within the .DAT file. A single page TIFF placeholder should be included as the corresponding image for the file that cannot be converted. Some examples of files that should be provided in their native format are spreadsheets, multimedia files, databases, and technical drawings.

All associated text of the document should be provided in a single directory and named after the starting image key of the document.

The folder structure of the deliverable should follow the below format:
CSPGFROD001 – top level directory which should be unique for every production deliverable
-DATA – subdirectory containing Opticon and .DAT load files***
-IMAGES – subdirectory containing single page TIF images or color JPGs when requested
-NATIVES – subdirectory containing files provided in native format
-TEXT – subdirectory containing all corresponding .txt files (extracted or OCR)



Align bottom of peel-and-stick airbill or pouch here.

PEEL HERE

4200    TUE 07/22 08:01
US COURT OF FEDERAL CLAIMS
717 MADISON PL NW
WASHINGTON DC

**595-8062**

20439-0001-17

ORIGIN ID:TLVA        39729052
EXPORT DEPT
FEDEX EXPRESS ISRAEL XX23542XX
BEN GURION AIR-PORT
HALFOR CARGO BAY
LOD AIR PORT, 70100
IL

SHIP DATE: 20JUL25
ACTWGT: 0.50 KG
CAD: 260145482/INET4535

BILL RECIPIENT

to KELLEY MORGAN
US COURT OF FEDERAL CLAIMS
717 MADISON PLACE NORTHWEST
RM 517
WASHINGTON DC 20439        (US)
(012) 345-6759        REF: RTS AWB 882679766335
PO:        DEPT:

FedEx Express        E

TRK#  8829 1387 1023        AA
0430                     INTL ECONOMY
                         EWO
**SA VJIA**                 20439
                    DC-US    IAD

FedEx

mawb: 8829 1387
1/1

***APPROVED***

AWB/CRN: 8829 1387 1023

RECEIVED
JUL 2 2 2025
OFFICE OF THE CLERK
U.S. COURT OF FEDERAL CLAIMS